**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jason-Oliver Warner, et al.,

    Plaintiffs,

v.

Guaranteed Rate Affinity LLC, et al.,

    Defendants.

No. CV-26-00049-TUC-JCH (MSA)

**ORDER**

Before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order, Mandatory Injunction for Restoration of Possession, and Preliminary Injunction Staying Eviction (Doc. 14).

The Complaint and Application appear to allege that Defendants improperly foreclosed on a loan on Plaintiffs' property. But the Complaint also states that "Plaintiffs filed a Verified Complaint with TRO/Preliminary Injunction requests in the Arizona Superior Court on or about August 14, 2025, seeking to restrain foreclosure. The Superior Court later dissolved Plaintiffs' previously-granted bonded preliminary injunction on October 3, 2025." (Doc. 1 at 2.) The Complaint also indicates that the state court matter is currently pending at the Arizona Court of Appeals. (*Id.*) C20255589

The Court will deny the Application under the *Rooker-Feldman* doctrine, and because Plaintiffs have not shown that they are likely to succeed on the merits of the Complaint. First, Plaintiffs filed a similar Application in their pending state court appeal,

which the Arizona Court of Appeals denied on December 18, 2025.[1] To the extent Plaintiffs effectively ask this Court to overturn the state appellate court's order, they seek appellate review prohibited under the *Rooker-Feldman* doctrine. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (holding that the *Rooker-Feldman* doctrine bars federal review of state court orders).

Second, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Accordingly, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Even assuming Plaintiffs have satisfied the other factors, the Court will deny the Application because Plaintiffs have failed to show that they are likely to succeed on the merits of the Complaint. It is not apparent to this Court that Plaintiffs have adequately stated a claim for relief. Moreover, there is a "longstanding policy against federal court interference with state court proceedings," subject to few exceptions. *Younger v. Harris*, 401 U.S. 37, 43 (1971). The parties to this suit are involved in active state court proceedings concerning what appear to be substantially similar issues to the issues in this suit. As such, the Court is concerned that it may lack jurisdiction over this action.

For the foregoing reasons, the Court will deny Plaintiffs' Application.

Accordingly,

**IT IS ORDERED denying** Plaintiffs' Ex Parte Application for Temporary Restraining Order, Mandatory Injunction for Restoration of Possession, and Preliminary Injunction Staying Eviction (Doc. 14).

Dated this 20th day of March, 2026.

John C. Hinderaker
United States District Judge

---

[1] *See* https://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=135173.

- 2 -