**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Jason-Oliver Warner, et al., | No. CV-26-00049-TUC-JCH (MSA) |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Guaranteed Rate Affinity LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Second Ex Parte Application for Temporary Restraining Order ("TRO") and Preliminary Injunction ("Second Application"). (Doc. 16). For the following reasons, the Court will deny the Second Application.

**II.    Background**

The Complaint alleges Defendant Guaranteed Rate Affinity, LLC, originated a loan on Plaintiffs' property in Marana. (Doc 1 at 2.) Plaintiffs allege they exercised TILA recession on the loan on May 15, 2025, just before the loan was referred to foreclosure on that same day. (*Id.*) On October 8, 2025, the Property was sold. (*Id.*) On March 18, 2026, Plaintiffs were locked out of the Property. (Doc. 16 at 9.) The Complaint argues that these actions violate the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").

Plaintiffs filed an application similar to the instant Second Application on March 18, 2026 (Doc. 14), which this Court denied "under the *Rooker-Feldman* doctrine, and because Plaintiffs have not shown that they are likely to succeed on the merits of the

Complaint," on March 20, 2026. (Doc. 15). Plaintiffs assert that their Second Application "is not a motion for reconsideration of this Court's March 20, 2026 Order." (Doc. 16 at 1.) Rather, Plaintiffs argue the Second Application is "grounded on materially different legal theories that directly address the Court's jurisdictional concerns" and that they are entitled to preliminary relief for their "federal statutory claims" which "no state court has ever adjudicated."[1] (*Id.*) The Second Application requests a TRO to enjoin Defendants from enforcing or executing the Trustee's Deed or any other action in connection with the Property that would interfere with Plaintiffs' occupancy of the Property pending final resolution of this suit. (*Id.* at 10.) Plaintiffs also request a mandatory preliminary injunction, expedited corollary hearing, and waiver of the bond requirement. (*Id.*)

## II. Applicable Law

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit takes a "sliding scale" approach in balancing these elements, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met.'"

---

[1] The Second Application impermissibly attempts to expand the scope of the Complaint, adding additional material facts and claims. A district court only has "equitable power to grant relief on 'the merits of the case or controversy before it,' and 'does not have the authority to issue an injunction' 'based on claims not pled in the complaint.'" *LA All. for Hum. Rts. v. County of Los Angeles*, 14 F.4th 947, 957 (9th Cir. 2021) (quoting *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015)). If Plaintiffs wish to assert these additional material facts and claims, they must amend their Complaint in compliance with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure. The Court will not consider Plaintiff's additional material facts and claims in this Order.

*Id.* (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

**III.    Analysis**

Even assuming Plaintiff's Second Application adequately addresses the other concerns in the March 20th Order, Plaintiffs have not satisfied the first prong of the *Winters* test, as explained herein.

**A.    TILA**

TILA "gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 260 (2015). The Act gives borrowers the unconditional right to rescind a loan through the third business day following the consummation of the transaction. *Id.* at 261–62 (citing 15 U.S.C. § 1635(a)). Otherwise, the borrower may *conditionally* rescind the transaction within three years of the transaction's consummation *only if* the lender fails to satisfy the Act's disclosure requirements. *Id.* at 262. "[R]ecission is effected when the borrower notifies the creditor of his intention to rescind." *Id.*

The Complaint asserts Plaintiffs exercised TILA recission on their property on May 15, 2025. (Doc. 1 at 3.) The Complaint does not allege that Defendants failed to make any required disclosures, as required for a violation of TILA. What's more, TILA recission does not apply to "a residential mortgage transaction," such as the purchase money mortgage that appears to be in controversy here. 15 U.S.C.A. §§ 1635(e)(1), 1602(x). Plaintiffs argue that this exemption only applies to a creditor who makes the required disclosures. (Doc. 16 at 7–8.) Plaintiff cites no caselaw to support this assertion, and the Court finds the argument lacks merit. Accordingly, Plaintiffs have not shown they are likely to succeed on, or there are serious questions on, the merits of their TILA claim, and the Court will deny the Second Application premised on this claim.

**B.    RESPA**

The Complaint purports to assert "violations associated with servicing and foreclosure initiation timing; RESPA is among the authorities cited in [Plaintiff's] filings."

The Second Application clarifies that Plaintiffs wish to assert a claim under 12 U.S.C. § 2605(b). Section 2605(b) requires "[e]ach servicer of any federally related mortgage loan [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

The Complaint does not clearly allege a violation of § 2605(b), and Plaintiffs have not shown they are likely to succeed on, or have raised serious questions on, the merits of their RESPA claim. Moreover, a borrower damaged by a § 2605 violation is entitled to actual damages and costs—not injunctive relief. As such, any potential RESPA violation did not cause the irreparable harm Plaintiffs claim (loss of their Property and displacement from their primary home). *See Winter*, 555 U.S. at 23 (requiring movants show irreparable injury from the alleged violation). Accordingly, the Court will deny Plaintiffs' Second Application premised on this claim.

**IV.    Order**

Accordingly,

**IT IS ORDERED denying** Plaintiffs' Second Ex Parte Application for Temporary Restraining Order and Preliminary Injunction. (Doc. 16).

Dated this 20th day of April, 2026.

_____
John C. Hinderaker
United States District Judge

- 4 -